akerman

Rubén Castillo

Akerman LLP
71 South Wacker Drive
47th Floor
Chicago, IL  60606

T: 312 634 5700
F: 312 424 1900

**VIA CM/ECF**

July 22, 2021

The Honorable Analisa Torres
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> **RE: Pre-Motion Letter Seeking Leave for Motion to Stay,** *UMG Recordings, Inc. et al. v. Frontier Communications Corp.*, **1:21-cv-05050-AT, and related cases 1:21-cv-5253-AT and** *Voltage Holdings, LLC, et al. v. Frontier Communications Corp.*, **1:21-cv-05708-AT (collectively, the "Actions")**

Dear Judge Torres:

We represent Defendant Frontier Communications Corporation ("Frontier") in the above-referenced matters. We submit this pre-motion letter pursuant to Rule III.A. of your Individual Rules of Practice. Frontier respectfully requests that the Court: (a) set a briefing schedule for a motion by Frontier to stay case number 1:21-cv-5050 until bankruptcy proceedings in case number 20-22476-rdd, *In re Frontier Communications Corporation*, pending in the U.S. Bankruptcy Court for the Southern District of New York are concluded (the "Bankruptcy Case"), and the pending motions to withdraw the bankruptcy court's reference are decided.

Separately, but also included in this letter application, Frontier respectfully requests that its deadline to answer or otherwise plead in case number 1:21-cv-5050 be set for seven days after Frontier's request for a stay is decided, in the event that the request for a stay is denied.

**I.     MOTION TO STAY**

Frontier requests 10 days to file its motion, 14 days for Plaintiffs in the above-referenced cases to file an opposition, and 7 days thereafter for any reply brief.

The plaintiffs in the Actions bring claims that were first filed as proofs of claim in bankruptcy. Specifically, the plaintiffs in 1:21-cv-5050 and -5253 are record companies bringing secondary copyright infringement claims (the "Record Companies"), and the Plaintiffs in 1:21-cv-5708 are movie companies bringing claims under the same theories (the "Movie Companies," together with the Record Companies are collectively referred to as the "Plaintiffs"). Only in case

number 1:21-cv-5050 are there some claims that potentially arise after Frontier emerged from Chapter 11 bankruptcy. Notably, the bankruptcy court, however, has not concluded its adjudication of the Bankruptcy Case and administration of the Chapter 11 Plan (the "Plan").

Staying the case number 1:21-cv-5050 until the resolution of the Bankruptcy Case: (1) avoids inconsistent rulings, administration of the Plan, and distribution of the debtor's assets in bankruptcy vis-à-vis other claimants in bankruptcy; (2) fosters efficiency and conservation of judicial resources by having the bankruptcy court decide common issues of law, discovery, and procedure that can expedite adjudication of any claims that remain before this Court; and (3) will further the interests of the courts, the public interest, and non-parties' interests in the orderly resolution of a bankruptcy case and administration of a Chapter 11 plan on a consolidated basis. We further note that there would be no prejudice to the Record Companies if the stay issues.

### A.   BACKGROUND

On April 14, 2020, Frontier filed the Bankruptcy Case. The Plaintiffs filed proofs of claim in bankruptcy court which are identical to their claims in the Actions, except for a small portion of the Record Companies' claims. After engaging in informal discovery in bankruptcy court, the Plaintiffs—months later—filed a motion to withdraw the bankruptcy court's reference. If the motions are denied, some claims of the Record Companies will remain before this Court because, as noted above, they were not filed as proofs of claim in bankruptcy. All of the Plaintiffs' cases before this Court have been designated related cases and are pending before Your Honor.

### B.   ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In deciding whether to grant a stay, courts weigh: (1) the private interests of the plaintiffs in proceeding expeditiously with the litigation balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the litigation; and (5) the public interest. *Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009).

Taking each factor in turn: (1) <u>Private interests of the Plaintiffs versus prejudice to Plaintiffs:</u> If the motion to withdraw the bankruptcy court's reference is denied, the interests of the Plaintiffs for an expeditious resolution favors a stay of the district court action so that the bankruptcy court can decide common issues and conduct joint discovery related to secondary copyright infringement liability among all Plaintiffs, which will forego the need for lengthy and duplicative discovery and motion practice before this Court for remaining claims. *See Royal Park Invs. SA/NV v*, 941 F. Supp. 2d at 371.

Plaintiffs affirmatively chose to file proofs of claim in bankruptcy, invoked the bankruptcy Court's jurisdiction, engaged in informal discovery in bankruptcy proceedings, and elected to invoke the claims resolution process set forth in the Plan. *Compare In re: Kirwan Offs. S.a.R.L.,*

2

*Debtor*, No. 16 CV 6300 (VB), 2016 WL 7131548, at *2 (S.D.N.Y. Dec. 5, 2016) (no prejudice where the plaintiff itself sought a stay to avoid piecemeal litigation). In light of Plaintiffs' choice, there can be no claim of prejudice. The stay here is not indefinite. It concludes with the bankruptcy court proceedings, and any delay-related loss, if Plaintiffs are victorious on copyright infringement claims, will be primarily monetary in nature and susceptible to an award of interest. *See Wing Shing Prod. (BVI) Ltd. v. Simatelex Manufactory Co.*, No. 01CIV.1044(RJH)(HBP), 2005 WL 912184, at *2 (S.D.N.Y. Apr. 19, 2005) ("[A]ny loss caused by the stay will be monetary in nature, and therefore will be susceptible to an award of interest. Further, this is not to be a stay of indefinite duration-it will be lifted upon resolution of the . . . Appeal[.]").

(2) <u>Private interests of Frontier and burden on Frontier:</u> If the action is not stayed pending bankruptcy and before the motion to withdraw the reference is decided, Frontier faces the prospect of duplicative proceedings and inefficient, duplicative discovery regimes given that it is the sole defendant in different unconsolidated cases involving the same theories of secondary copyright liability, as well as contradictory rulings. *See Ritchie Cap. Mgmt., LLC v. Gen. Elec. Cap. Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015) (granting stay until motion to consolidate cases could be decided to avoid "duplicative proceedings and inconsistent or inefficient discovery regimes").

(3) <u>Interests of the courts:</u> The courts strongly disfavor duplicative and overlapping proceedings, and if the bankruptcy court's reference is not withdrawn leaving some of the Record Companies' claims before this Court, the parties can proceed with consolidated discovery and the bankruptcy court can decide issues of law and procedure common to both the Movie Companies and Record Companies. *See Faunus Grp. Int'l, Inc. v. Ramsoondar*, No. 13CV6927 HB, 2014 WL 2038884, at *2 (S.D.N.Y. May 16, 2014) ("Judicial economy is furthered if the application is granted since in that case all issues may be resolved at once rather than piecemeal.").

(4) <u>Interests of persons not parties to the litigation:</u> Other claimants in bankruptcy have a strong interest in proofs of claims filed in bankruptcy being decided by the bankruptcy court, to promote the efficient and consistent administration of the Plan. Additionally, potential witnesses in this case have a strong interest in common issues being resolved in the bankruptcy court on a consolidated basis instead of proceeding with piecemeal litigation in different cases, as would occur with the Movie Companies' and Record Companies' lawsuits in this Court, given that they are not consolidated and only designated as related cases.

(5) <u>The public interest:</u> Considerations of judicial economy described above also favor a stay. *See Applestein v. Kleinhendler*, No. 20CV1454AMDVMS, 2021 WL 493424, at *4 (E.D.N.Y. Feb. 10, 2021) ("[I]ssues of judicial economy affect the interests of . . . the public.").

Based on these reasons and reasons that Frontier will set forth in its motion to stay, Frontier respectfully requests that the Court enter a briefing schedule on a motion to stay this case pending adjudication of the bankruptcy case and the present motions to withdraw the reference.

## C. PLAINTIFFS' POSITION

On June 16, 2021, counsel for the Record Companies informed the undersigned that they opposed any stay of proceedings. On July 19, 2021, the undersigned asked counsel for the Record

Companies—in light of the July 26, 2021 deadline to respond to the Record Companies' complaint—if they would agree to stay their lawsuit before motions to withdraw the reference were decided and the bankruptcy proceedings had concluded. As of July 22, 2021, the undersigned received no response. Frontier files this letter without having heard from the Record Companies' counsel so that the Court is apprised of its request to suspend deadlines to answer or otherwise plead before the July 26, 2021, the deadline to file a responsive pleading. Frontier has not contacted the Movie Companies, given that there are no forthcoming deadlines in their case before this Court.

## II.     REQUEST FOR A TIME EXTENSION

Separately, Frontier respectfully requests a time extension pursuant to Rule I.C. of your Individual Rules of Practice, of the deadline to answer or otherwise plead in response to the complaint (the "Complaint," ECF No. 1) filed by the Record Companies in case number 1:21-cv-05050 AT. Pursuant to Rule I.C. and in support, Frontier states that:

The initial deadline to respond is set for July 26, 2021, pursuant to a stipulation between Frontier and the Record Companies, which was granted and so-ordered by the Court (ECF Nos. 24, 25). No other extensions have been granted.

The pending motions to withdraw the reference and Frontier's request for a stay would moot Frontier's need to file any responsive pleading. It is Frontier's position, as set forth in its opposition to the Record Companies' motion to withdraw the bankruptcy court's reference and the pre-motion letter requesting a stay, that, to avoid inefficiencies and inconsistent rulings, the case should not proceed further until the Court decides the motions to withdraw the bankruptcy court reference and Frontier's bankruptcy proceedings have concluded. Frontier does not want to prejudice its position or waste judicial resources by responding to the Complaint before the motions to stay and withdraw the bankruptcy court's reference are decided, yet the current deadline of July 26, 2021, to answer or otherwise plead will likely lapse before both motions are decided.

The Record Companies' counsel will not consent to any additional time extensions given that the undersigned had previously asked for more time to respond to the Complaint so that no responsive pleading would be filed before the Court rules on the pending motions to withdraw the reference. The Record Companies' counsel said he would not extend the time to answer beyond July 26, 2021.

The proposed time extension does not affect any other deadlines. This letter and accompanying request for a time extension is filed more than 48 hours before Frontier's deadline to answer or otherwise plead, which is set for July 26, 2021.

For the foregoing reasons, Frontier respectfully requests that the Court extend the deadline for Frontier to answer or otherwise respond to the Complaint (ECF No. 1) in case number 1:21-cv-5050-AT until seven (7) days after the Court rules on Frontier's request for a stay, if that request is denied.

Thank you for your time and attention to these matters.

4

      Sincerely,

<u>*/s/ Rubén Castillo*</u>
AKERMAN LLP
71 South Wacker Drive, 47th Floor
Chicago, Illinois 60606
(312) 634-5700
ruben.castillo@akerman.com
*Attorney for Frontier Communications Corporation*