**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Civ. Case No. 1:21-cv-05050-AT |
| FRONTIER COMMUNICATIONS | ) |
| CORPORATION, | ) Related Cases: |
| | ) Civ. Case No. 1:21-cv-05253-AT; |
| Defendant. | ) Civ. Case No. 1:21-cv-05708-AT |
| | ) |

**<u>PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF</u>**
**<u>MOTION TO LIFT STAY</u>**

## **<u>Table of Contents</u>**

Background ............................................................................................................... 2

   A.   The Related Cases ............................................................................................ 2

   B.   Frontier's Motion To Stay ............................................................................. 4

   C.   The Status Of The Bankruptcy Case............................................................. 5

Argument .................................................................................................................. 6

   I.   The Circumstances No Longer Warrant A Stay ........................................... 6

   II.   Lifting The Stay Will Allow The Cases To Proceed Concurrently, Which Is The Most Efficient And Economical Path Forward ................................................................... 10

Conclusion ............................................................................................................. 11

# Table of Authorities

**Cases**

*Citibank, N.A. v. Hakim*,
No. 92 CIV. 6233 (MBM), 1993 WL 481335 (S.D.N.Y. Nov. 18, 1993)...................................9

*Deutsche Bank Nat'l Tr. Co. v. Chicago Title Ins. Co.*,
No. 319-CV-00649 (RCJ) (CLB), 2022 WL 3647889 (D. Nev. Aug. 24, 2022) ..........................8

*Frontier Commc'ns Corp.*,
641 B.R. 64 (Bankr. S.D.N.Y. 2022)......................................................................8

*Geeky Baby, LLC v. Idea Vill. Prod., Corp.*,
No. CV-153454-(JLL) (JAD), 2016 WL 4771385 (D.N.J. Sept. 12, 2016) ...............................8

*Goldstein v. Manhattan Cable Television, Inc.*,
No. 90 CIV. 4750 (LBS), 1993 WL 246273 (S.D.N.Y. June 29, 1993).....................................6

*Holve v. McCormick & Co., Inc.*,
No. 16-CV-6702 (FPG), 2020 WL 6809118 (W.D.N.Y. Oct. 9, 2020) ....................................6

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936)..........................................................................................7

*McCall v. Avco Corp.*,
No. 4:18-CV-01350, 2019 WL 2004358 (M.D. Pa. May 7, 2019).......................................6, 11

*Medina v. Angrignon*,
No. 15-CV-0427RJA, 2022 WL 1555083 (W.D.N.Y. May 17, 2022).......................................6

*Rovi Guides, Inc. v. Comcast Corp.*,
No. 16-CV-9278 (JPO), 2018 WL 1726250 (S.D.N.Y. Apr. 6, 2018) .........................................6

*Youngbloods v. BMG Music*,
No. 07 CIV 2394 (GBD) (KNF), 2011 WL 43510 (S.D.N.Y. Jan. 6, 2011)................................7

Plaintiffs UMG Recordings, Inc., Capitol Records, LLC, and ABKCO Music & Records, Inc. (collectively, the "Universal Plaintiffs"); Plaintiffs Sony Music Entertainment, Sony Music Entertainment US Latin, Arista Music, Arista Records LLC, and Zomba Recording LLC (collectively, the "Sony Plaintiffs"); and Plaintiffs Atlantic Recording Corporation, Elektra Entertainment Group Inc., Lava Records LLC, Rhino Entertainment LLC, Warner Music Inc., Warner Music International Services Limited, and Warner Records Inc. (collectively, the "Warner Plaintiffs," and together with the Universal Plaintiffs and the Sony Plaintiffs, the "Plaintiffs") by and through their attorneys Oppenheim + Zebrak, LLP, submit this memorandum of law in support of Plaintiffs' motion pursuant to the Court's September 13, 2022 order (Dkt. 42) for entry of an order lifting the stay that was entered on February 25, 2022 (Dkt. 39).

## Preliminary Statement

This case was filed in June 2021 and is mired in an indefinite stay, with no end date in sight.  Indefinite stays are highly disfavored because they are an intrusion into the processes of administration and judicial review, and they prohibit plaintiffs from pursuing their claims.  In this case, Plaintiffs are being denied the opportunity to protect their copyrights against defendant Frontier Communications Corporation ("Frontier"), an internet service provider that has failed to take action against known, repeat infringing subscribers.

Upon Frontier's motion, the Court entered a stay, premised on Frontier's argument that the stay would be lifted upon "swift resolution" of Plaintiff's claims in Frontier's pending bankruptcy case.  Plaintiffs' claims in Frontier's bankruptcy case, however, also are not proceeding because the Bankruptcy Court anticipated that this Court might likely grant Plaintiffs' pending motion to withdraw the reference, which would permit consolidated

discovery to proceed with respect to both this case and the claims in Frontier's bankruptcy case.
Simultaneously, Frontier has refused to consent to consolidated discovery or even attend a
settlement conference.  As a result, resolution of the bankruptcy case has not been "swift."
Plaintiffs are stuck in limbo, in a waiting period of infinite duration to pursue their copyright
infringement claims against Frontier.  As time passes, Plaintiffs fear that evidence is being lost
and witness' memories of events will fade, all while Frontier fails to address the massive
copyright infringement of Plaintiffs' works over its network.

The stay should be lifted because it has become effectively indefinite and there are
critical copyright issues that need to be remedied.  Moreover, the circumstances justifying a stay
have changed such that it no longer makes sense.  In fact, a continued stay would serve only to
prejudice Plaintiffs and third parties in light of the parallel bankruptcy proceedings, in which
Plaintiffs have asserted identical copyright infringement claims that cover the time period
immediately preceding the one addressed in this case.  If the stay is not lifted, the same discovery
in the related proceedings will have to occur twice – burdening not just the parties but the non-
parties, who will be forced to answer the same discovery requests twice, as well as the respective
courts that will each be asked to decide the inevitable discovery disputes.  For these and the
following reasons, Plaintiffs respectfully request that the Court lift the stay and allow this case to
proceed in parallel with the bankruptcy case.

## Background

### A.  The Related Cases

This case is one of three interconnected proceedings that Plaintiffs have filed against
Frontier.  Plaintiffs filed their complaint in this Court on June 8, 2021, asserting copyright
infringement claims against Frontier that accrued after Frontier emerged from bankruptcy (the

"District Court Case").  Dkt 1.  Prior to the filing of this District Court Case, Plaintiffs filed pre-petition and post-petition administrative claims in Frontier's bankruptcy case pending in the U.S. Bankruptcy Court for the Southern District of New York (Case No. 20-22476-MG) (the "Bankruptcy Case").

The pre-petition proof of claim was filed on January 22, 2021, by two of the Plaintiffs – UMG Recordings, Inc. and Capitol Records, LLC – asserting copyright infringement claims against Frontier that accrued prior to Frontier's petition date.  Plaintiffs (plus several other affiliated record companies) subsequently filed administrative claims against Frontier on June 1, 2021, asserting copyright infringement claims that accrued between the petition date and the effective date of Frontier's plan of reorganization.  The claims in the Bankruptcy Case and this District Court Case all involve the same legal claims and same conduct by Frontier; the only difference between them is that the infringement occurred during three different (but consecutive) time periods.

Plaintiffs filed their claims in the Bankruptcy Case and this District Court Case to protect their copyrights because Frontier has failed to stop known, repeat infringing subscribers from engaging in infringement of Plaintiffs' copyrighted works *before*, *during* and *after* Frontier's bankruptcy.  The three proceedings were all filed in accordance with Frontier's own bankruptcy plan, which required that administrative proofs of claim be filed in the Bankruptcy Court by a certain date.  Thus, Plaintiffs had no choice but to split their claims between the Bankruptcy Court and this District Court.  *See* Dkt. 34 (Plaintiffs' Opp. to Frontier's Motion to Stay) at 1-2.

On June 14, 2021, Plaintiffs moved to withdraw the reference (the "Motion to Withdraw") with respect to the claims that were filed in the Bankruptcy Case.  The Motion to Withdraw was accepted as related to this case and assigned to this Court.  *See* 21-cv-05253, Dkt.

1-5.  Frontier opposed the Motion to Withdraw (Dkt. 8) and Plaintiffs filed a reply brief (Dkt.

11).  The Motion to Withdraw has been fully briefed since July 1, 2021.

In seeking to withdraw the reference from the Bankruptcy Court, Plaintiffs sought to

consolidate this case with the identical claims filed in the Bankruptcy Case to avoid potentially

inconsistent rulings on complex legal issues (some of which are novel in the Second Circuit (*see*

21-cv-05253, Dkt. 4 at 16)), duplicative discovery, and unnecessary extra costs associated with

such discovery, in addition to easing the burden on the courts and on third parties from whom

discovery will be sought.

**B.  Frontier's Motion To Stay**

In August 2021, Frontier moved to stay this case.  *See* Dkt. 33.  Frontier sought a stay

*only if* the Motion to Withdraw was not granted.  *Id*. at 1-2 ("If the Court *grants* those motions to

withdraw, Frontier will withdraw this Motion [to stay], as it would make no sense to have two

cases proceed before different courts covering the same parties, claims, and defenses.").

In seeking a stay, Frontier argued among other things that there was "significant interest"

in having the Bankruptcy Court decide Plaintiffs' claims in the Bankruptcy Case based upon

Frontier's argument that the Bankruptcy Court would "provide a swift yet robust forum to

resolve the [claims]" and because Judge Drain had "familiarity" with the claims, as he

"over[saw] Frontier's chapter 11 for more than a year."  *Id*. at 1, 10, 14.  Frontier also

represented that "any stay here would not be indefinite."  *Id*. at 12.

On August 2, 2021, the District Court adjourned Frontier's time to respond to the

complaint until seven days after the Court's ruling on Frontier's motion to stay, Dkt. 28,

effectively staying the case at the outset.  On February 25, 2022, the Court granted Frontier's

motion and entered a formal stay pending a ruling on the Motion to Withdraw.  Dkt. 39.  The

stay remains in place, Frontier has not yet answered the complaint, and the Motion to Withdraw remains pending.  A decision granting the Motion to Withdraw would moot the need for this motion, as it would allow for consolidation and adjudication of all of Plaintiffs' claims at the same time.  As set forth in Plaintiffs'' Motion to Withdraw, withdrawing the reference would be the most efficient and economical path forward.

### C.  The Status Of The Bankruptcy Case

Because of this parallel District Court Case and the pending Motion to Withdraw, Judge Drain did not issue a discovery schedule in connection with Plaintiffs' claims in the Bankruptcy Case.  *See* Declaration of Matthew J. Oppenheim dated October 17, 2022 ("Oppenheim Decl."), Ex. 2 (June 15, 2021 Hearing Tr. at 21:5-11) ("I'm not inclined to rush into a formal discovery schedule. This is a core matter, I think, but no court wants to have two separate litigation processes going at the same time with the risk of inconsistent rulings on discovery, timing on discovery, and ultimately potentially rulings on the merits.").  Judge Drain also anticipated that this Court would grant the Motion to Withdraw.  *See id*., Ex. 3 (Oct. 28, 2021 Hearing Tr. at 33:7-11) ("It's very hard for me to believe that given the overlapping factual issues here and the risk of different timetables and potentially different rulings there wouldn't be a consolidation of these claims with the district court litigation, but of course, that's up to Judge Torres.").

On May 3, 2022, in anticipation of Judge Drain's June 30, 2022 retirement, the Bankruptcy Case was reassigned to Chief Judge Martin Glenn.  The Parties still have not commenced discovery in connection with Plaintiffs' claims in the Bankruptcy Case.  In an effort to begin discovery, Plaintiffs proposed that the parties enter into a stipulation, to be so ordered by the Bankruptcy Court, by which any discovery taken in either this District Court Case or the

Bankruptcy Case, including third party discovery, may be used in both actions.  (Oppenheim

Decl. ¶¶ 6-8.)  Frontier has not agreed to the stipulation.  (*Id*. ¶¶ 7-8.)

**Argument**

### I.   The Circumstances No Longer Warrant A Stay

A stay should be lifted when the circumstances warranting a stay have changed.  *See Rovi*

*Guides, Inc. v. Comcast Corp.*, No. 16-CV-9278 (JPO), 2018 WL 1726250, at *1-2 (S.D.N.Y.

Apr. 5, 2018) (granting motion to lift stay because "circumstances ha[d] changed significantly

since the original stay order" and a "continued stay . . . can only serve to prejudice [plaintiff]");

*Goldstein v. Manhattan Cable Television, Inc.*, No. 90 CIV. 4750 (LBS), 1993 WL 246273, at *1

(S.D.N.Y. June 29, 1993) (granting stay but explaining that the order is "without prejudice to the

right of any party to request that the stay be lifted [after approximately six months] . . . if no

decision has been rendered in [the other] proceeding, or if any changed circumstances warrant

the grant of that relief").  Here, two circumstances have changed.

First, the stay has effectively become indefinite, constituting changed circumstances that

warrant lifting it.  *McCall v. Avco Corp.*, No. 4:18-CV-01350, 2019 WL 2004358, at *1 (M.D.

Pa. May 7, 2019) (related action "remains in discovery, with apparently no set trial date"

constituting "changed circumstances" that warrant lifting the stay); *Medina v. Angrignon*, No.

15-CV-0427RJA, 2022 WL 1555083, at *2 (W.D.N.Y. May 17, 2022) ("Critically, stays of

indefinite duration are generally disfavored.") (citations omitted).

Courts have lifted stays when those stays proved to be for an immeasurable or indefinite

amount of time.  *See, e.g., Holve v. McCormick & Co., Inc.*, No. 16-CV-6702 (FPG), 2020 WL

6809118, at *2 (W.D.N.Y. Oct. 9, 2020) ("[T]he Court cannot stay this case indefinitely … [and]

in light of the length of time that this case has been pending without any light at the end of

6

the tunnel in terms of guidance from the [related pending action], the Court concludes that it is within its discretion to lift the stay."); *Youngbloods v. BMG Music*, No. 07 CIV 2394 (GBD) (KNF), 2011 WL 43510, at *8 (S.D.N.Y. Jan. 6, 2011) (denying stay because "[i]t is uncertain how long [the parallel proceeding] will last and when it will be decided … [because] '[a]n order which is to continue by its term for an immoderate stretch of time is not to be upheld as moderate.'") (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 257 (1936); *see also Landis*, 299 U.S. at 257 ("The stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description. When once those limits have been reached, the fetters should fall off.").

Frontier moved to stay this case, *only* if the Motion to Withdraw was not granted, and on the basis that Plaintiffs' claims in the Bankruptcy Case would resolve "swift[ly]."  Dkt. 33 at 14. Resolution of Plaintiffs' claims in the Bankruptcy Case has not been swift.  A discovery schedule has not been set and discovery will be extensive.  Based on litigation of analogous cases that Plaintiffs and other music copyright holders have brought against other internet service providers, such as Cox Communications in the Eastern District of Virginia, Civil No. 1:14-cv-1611, and Charter Communications in the District of Colorado, Civil No. 19-cv-00874-WYD-MEH, fact and expert discovery will take between nine months and two years depending on the scope of the claims.  Before he retired, Judge Drain recognized that discovery in connection with the claims in the Bankruptcy Case likely would be extensive and that a short schedule proposed by Frontier was likely too accelerated.  *See* Oppenheim Decl., Ex. 2 at 18:3-10, 25:11-13 ("The types of discovery in a full litigation approach are outlined in the, what I'll refer to as the Oppenheim claimants pleadings ….  And it does appear to me that that type of discovery may well be warranted – I'm not going to decide that today obviously and [it] may well be lengthy

and may well be expensive…. My impression was that the litigation schedule [Frontier proposed] was probably too accelerated given all the facts here.").

Beyond discovery, which has yet to commence, the Bankruptcy Court has issued just one substantive decision regarding Plaintiffs' claims, concluding that Plaintiffs' amended proofs of claim relate back to the date of the original filing of the proofs of claim.[1]  Given the lack of progress in connection with Plaintiffs' claims in the Bankruptcy Case, and the current absence of a case management schedule, it is unclear how long it will take to adjudicate Plaintiffs' claims in the Bankruptcy Case.

With no timetable for resolution of Plaintiffs' claims in place in the Bankruptcy Case, and this case in a standstill for well over a year, Plaintiffs will continue to be prejudiced because they cannot pursue their claims.  As this delay continues, evidence may be lost, memories may fade, and Frontier's wholly inadequate action against subscribers that Frontier knows have repeatedly infringed Plaintiffs' copyrighted works, which this case seeks to curtail, continues. Under these circumstances, the stay should be lifted.  *Geeky Baby, LLC v. Idea Vill. Prod., Corp.*, No. CV-153454-(JLL) (JAD), 2016 WL 4771385, at *4 (D.N.J. Sept. 12, 2016) ("The Court has reconsidered the stay in this matter and concludes that it should be modified in the interests of justice and efficiency" and "[g]iven . . . the prejudice alleged by [plaintiff] as a result of the stay, the Court shall reopen this case."); *see also Deutsche Bank Nat'l Tr. Co. v. Chicago Title Ins. Co.*, No. 319-CV-00649 (RCJ) (CLB), 2022 WL 3647889, at *1 (D. Nev. Aug. 24,

---

[1] On September 3, 2021, the claimants in the proceedings in the Bankruptcy Case filed a motion to amend their proofs of claim to include certain additional infringed sound recordings, among other things.  Judge Drain granted the motion to amend on November 8, 2021, but reserved judgement as to whether the amended claims related back to the date of the original filings.  On June 13, 2022, Judge Glenn ruled that the amended claims do relate back to the date of the original filings.  *See In re Frontier Commc'ns Corp.*, 641 B.R. 64 (Bankr. S.D.N.Y. 2022).

2022) (lifting stay because plaintiffs "would be prejudiced in the form of a delay in potential recovery" and because "[t]his case has already been stayed for over two years waiting for the resolution of [the related proceeding], staying this case for another year or more while [another] Court considers similar issues . . . is such a duration that prejudices Plaintiff"); *Citibank, N.A. v. Hakim*, No. 92 CIV. 6233 (MBM), 1993 WL 481335, at *2 (S.D.N.Y. Nov. 18, 1993) (denying motion to stay because "[p]laintiff [] may face substantial prejudice from a stay because it will be denied its right to speedy discovery and resolution of this dispute [and] [s]pecifically, plaintiff has argued that the memories of the witnesses and parties may fade over time …").

Second, Frontier can no longer argue that the Bankruptcy Court has great familiarity with the Debtor or the claims in the Bankruptcy Case because Judge Drain is no longer handling the cases. Dkt. 33 at 1. Judge Drain retired in June 2022 and the Bankruptcy Case was reassigned to Judge Glenn. While Judge Glenn has presided over the Bankruptcy Case for several months, he has not been presented with any substantive issues concerning Plaintiffs' copyright claims against Frontier. The Bankruptcy Court has no more familiarity with Plaintiffs' copyright claims against Frontier than this Court does, and likely has less familiarity with copyright cases generally.[2]

Frontier's reasons for seeking the stay no longer apply and the indefinite nature of the stay is prejudicing Plaintiffs. These changed circumstances require that the stay be lifted.

---

[2] Frontier failed to explain in its motion to stay why it believed the Bankruptcy Court is better suited than this Court to address the complex legal and factual issues surrounding Plaintiffs' claims. Given the complex copyright issues and the potential impact on copyright owners and users, this Court is uniquely suited to address Plaintiffs' copyright claims. From 1996 through 2018, District Courts in New York had the second-highest number of copyright case filings of any state. *See* United States Courts, Figure 2 & Map 1, Just the Facts: Intellectual Property Cases—Patent, Copyright, and Trademark, available at https://www.uscourts.gov/news/2020/02/13/just-facts-intellectual-property-cases-patent-copyright-and-trademark#figures_map (last visited Oct. 11, 2022). *See* Dkt. 34 at 15.

## II.    Lifting The Stay Will Allow The Cases To Proceed Concurrently, Which Is The Most Efficient And Economical Path Forward

In addition to the changed circumstances warranting a lift of the stay, the Court should also lift the stay to allow for Plaintiffs' claims in the Bankruptcy Case and this case to proceed in parallel, in the event the Court were to deny Plaintiffs' Motion to Withdraw.  Frontier's rejection of Plaintiffs' proposals to conduct coordinated and efficient discovery has prevented Plaintiffs from proceeding.  Despite acknowledging that "a consolidated litigation does make sense," Frontier's actions have opposed coordination at every turn.  Dkt. 41 at 3.

The claims in the Bankruptcy Case and this case involve the same causes of action, defenses, facts, evidence, and witnesses.  Accordingly, in an effort to start discovery in connection with the claims in the Bankruptcy Case, and avoid duplication of discovery by the parties and third parties, Plaintiffs repeatedly sought to reach an agreement with Frontier to consolidate discovery, including most recently in a proposed stipulation to Frontier that would have permitted the discovery taken in the Bankruptcy Case to also be used in this District Court Case, and vice versa.  (Oppenheim Decl. ¶¶ 4-8; Ex. 1.)  Frontier rejected the proposed stipulation, a position that could only result in burdening the parties and *non-parties* with responding to the same discovery requests twice – once in the Bankruptcy Court and again in this case.

Although Frontier rejected Plaintiffs' proposal to proceed with a consolidated discovery plan, Frontier nevertheless agrees that the cases should be consolidated.  *See* Dkt. 41 at 3 ("While a consolidated litigation does make sense, it should take place in Bankruptcy Court, not this Court."); *see also* Dkt. 33 at 17 ("Non-parties would benefit substantially by responding to subpoenas and third-party discovery issued in consolidated proceedings before the Bankruptcy Court, which weighs in favor of a stay of this case while the Bankruptcy Court manages

10

discovery and pretrial issues common to Plaintiffs and the Movie Companies.").  In making these arguments Frontier ignores the critical fact that *only this Court* maintains subject matter jurisdiction over all of Plaintiffs' claims and can consolidate and hear all of those claims. Plaintiffs' claims in this case cannot be subsumed in the Bankruptcy Case.  If the stay were lifted, or the Motion to Withdraw granted, consolidated discovery could proceed in tandem and only once.

In the alternative, and in the event the Court does not lift the stay in its entirety, Plaintiffs respectfully request that the Court lift the stay at least as to require Frontier to answer Plaintiffs' complaint and to permit the parties to proceed with discovery in a consolidated manner with the Bankruptcy Case.  *See McCall*, 2019 WL 2004358, at *2 (lifting stay on discovery to "avoid the possibility of multiple trials on [the same set of facts] that [] would involve substantially the same defenses, evidence, and witnesses.").

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Court lift the stay, or, in the alternative, lift the stay as to discovery.

Dated: October 17, 2022          **OPPENHEIM + ZEBRAK, LLP**

By:  _/s/ Matthew J. Oppenheim_

Matthew J. Oppenheim
4350 Wisconsin Avenue, NW, Fifth Floor
Washington, DC 20016
Tel: (202) 480-2999
matt@oandzlaw.com

Alexander Kaplan
Carly Kessler Rothman
461 Fifth Avenue, 19th Floor
New York, NY 10017
Tel: (212) 951-1156
alex@oandzlaw.com
carly@oandzlaw.com