**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>                          Plaintiffs,<br><br>    v.<br><br>FRONTIER COMMUNICATIONS<br>CORPORATION,<br><br>                          Defendant. | Civ. Case No. 1:21-cv-05050-AT<br><br>Related Cases:<br>Civ. Case No. 1:21-cv-05253-AT;<br>Civ. Case No. 1:21-cv-05708-AT |

## PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO LIFT STAY

Frontier seeks in its Response (Dkt. 49) to have the Bankruptcy Court do something that our legal system prohibits: consolidate this District Court Case with the claims in the Bankruptcy Case *in the Bankruptcy Court*. While Frontier agrees with Plaintiffs that the cases should move forward on a consolidated basis, Frontier's proposal of consolidation in the Bankruptcy Court simply is not permissible. Plaintiffs' claims for post-Effective Date infringement that they have filed in this Court can only be tried in this Court, and this Court is the only forum in which the claims in the Bankruptcy Case and this case can be consolidated.

Frontier similarly misrepresents the procedural history of this case and the parties' prior positions. Frontier asserts that Plaintiffs' Motion to Withdraw is the reason that this case is not proceeding. But it is Frontier's motion to stay, which it filed *after* the Motion to Withdraw, that has prevented this case from moving forward, not Plaintiffs' motion. There is no reason that this District Court Case cannot proceed while the Motion to Withdraw is pending.

More recently, in an effort to find a way to move the litigation forward while the parties await this Court's ruling on the Motion to Withdraw, Plaintiffs proposed commencing

consolidated discovery in the Bankruptcy Court—*i.e.*, where the parties agree that the timespan of discovery cover all proceedings and that the parties can use the discovery taken in all proceedings to avoid duplicative discovery.  Frontier refused Plaintiffs' proposal, yet it now argues that the parties should proceed with "consolidated discovery" in the Bankruptcy Court. The contradiction is baffling.

The Court should see through Frontier's arguments that are designed to delay for as long as possible having to defend these claims in this Court.  The Bankruptcy Case and this case can be consolidated only in this Court, and consolidated discovery should commence at once.  The longer this case is stayed, the further Plaintiffs are prejudiced, as they cannot seek recourse for the massive infringement of their copyrighted works on Frontier's network.  The stay should be lifted, the Motion to Withdraw should be granted, and the cases should proceed as a consolidated action in this Court.

## I.     A Consolidated Litigation Can Occur Only In This Court

Frontier, like Plaintiffs, believes that the Bankruptcy Case and this case should be consolidated into a single action.  But Frontier's proposal of consolidation in the Bankruptcy Court is impermissible.  In its own words, "Frontier has consistently maintained that a consolidated litigation and discovery makes sense, *but in one forum—the Bankruptcy Court*." Dkt. 49 at 10 (emphasis original).  The Bankruptcy Court, however, does not have subject matter jurisdiction to hear this District Court Case.  This is undeniable and Frontier has never disputed it.  Indeed, Frontier's approach requires that the parties engage in piecemeal discovery and would wind up with this case proceeding only after "adjudication is completed in the Bankruptcy Court"—*i.e.*, two trials instead of one.  *Id.* at 12.  Although the parties share a common goal of

achieving consolidation, they can only get there via Plaintiffs' route—a consolidated litigation in this Court.

Moreover, as set forth in the Motion to Withdraw (*see* Case No. 21-cv-05253-AT, Dkt. 4 at 22-23), proceeding in the Bankruptcy Court raises significant issues, including among other things, Plaintiffs' right to a jury trial on its copyright claims. *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 355 (1998) ("[T]he Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself."). These issues further support lifting the stay so that the parties can pursue a consolidated litigation in this Court.

**II.**   **The Stay Should Be Lifted Due To Changed Circumstances And Prejudice To Plaintiffs Caused By The Stay**

**A. The Stay Has Become Indefinite**

This case has become subject to an indefinite stay with no end date in sight; this constitutes changed circumstances that warrant lifting the stay. *See* Pls.' Moving Brief (Dkt. 48) at 6-7. Frontier has not disputed, as Judge Drain agreed, that discovery will likely be "lengthy," *id.* at 7-8, and discovery has not even begun in this Court or the Bankruptcy Court. Frontier argues that a decision on the pending Motion to Withdraw will "immediately trigger the entry of an adjudication schedule and precise end date for the adjudication of the bankruptcy claims." Dkt. 49 at 8-9. Yet, it is far from clear that a "precise end date" for adjudicating the claims pending in the Bankruptcy Case will be forthcoming. Even if it were, the "end date" likely will be years away, *see* Dkt. 48 at 7 (explaining that in comparable cases, discovery alone takes between nine months and two years), making the continuation of this stay unreasonable. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007) ("[a] stay should not be granted unless it appears likely the other proceedings will be concluded

within a reasonable time" and "in light of the general policy favoring stays of short, or at least

reasonable, duration, the district court erred by issuing a stay without any indication that it would

last only for a reasonable time.") (internal citations and quotations omitted); *McCall v. Avco*

*Corp.*, No. 4:18-CV-01350, 2019 WL 2004358, at *1 (M.D. Pa. May 7, 2019) (related action

"remains in discovery, with apparently no set trial date" constituting "changed circumstances"

that warrant lifting the stay).

### B.  Frontier's Delay Tactics Prejudice Plaintiffs

Frontier argues that Plaintiffs' Motion to Withdraw is the reason that this case is not

moving forward and why Plaintiffs cannot pursue their infringement claims. Dkt. 49 at 1, 8. But

it is Frontier's motion to stay that has prevented the case from advancing. In fact, Plaintiffs

opposed Frontier's stay motion because it would thwart their ability to pursue their claims. Dkt.

34 at 10 ("A stay would not only deny Plaintiffs their day in court as to the specific works in this

lawsuit but also completely forestall Plaintiffs' ability to obtain injunctive relief.").

While the case has been stayed and the parties await a decision on the Motion to

Withdraw, Plaintiffs sought to move forward with discovery in the Bankruptcy Case in a manner

that would avoid duplication of discovery in this case, but Frontier rejected Plaintiffs' proposed

solution. Specifically, Plaintiffs proposed proceeding with discovery in the Bankruptcy Court on

the condition that the discovery would also cover the period of infringement in the District Court

Case, and any discovery taken in the Bankruptcy Court Case could be used in connection with all

of the proceedings. Frontier refused, taking a position that would result in the parties and non-

parties having to engage in duplicative discovery, in a piecemeal fashion, once the stay of this

case is lifted. Under Frontier's proposal, the parties would complete discovery in the Bankruptcy

Case, and then take the same discovery in this case, from the same parties, covering the

subsequent period of June 2021 to present.  Frontier acknowledges this by claiming that

discovery will have "largely been completed across all cases," Dkt. 49 at 12, except the word

"largely" vastly overstates the amount of discovery that will have been completed that would

cover the time period at issue in this District Court Case and ignores the inefficiency of

conducting discovery twice.  Frontier's proposal also ignores that this District Court could well

end up being involved in the Bankruptcy Case in addressing every instance that a party seeks to

reverse a Bankruptcy Court ruling.

Frontier further misrepresents Plaintiffs' proposal to proceed with discovery in the

Bankruptcy Case when stating: "Plaintiffs propose proceeding with discovery in the Bankruptcy

Court. Proceeding in the Bankruptcy Court adopts Frontier's position on the motion to withdraw

that the parties proceed—as Frontier advocated for all along—in a consolidated and expedited

manner in the Bankruptcy Court."  Dkt. 49 at 7.  Frontier leaves out that Plaintiffs' proposal is

contingent upon (i) discovery being conducted one time, covering the time periods at issue

across all proceedings, and (ii) that the discovery taken can be used in all of the proceedings the

District Court and the Bankruptcy Court in the event the Court denies the Motion to Withdraw.

Frontier rejected Plaintiffs' proposal ostensibly on the grounds that: "how discovery

might proceed in the District Court [] is premature as Frontier has not even responded to the

Complaint and intends to file a motion to dismiss if the stay is lifted."  *Id*.  Frontier's position is

meritless.  First, Frontier filing a motion to dismiss would not stay discovery.  *See, e.g.*, *Tankleff*

*v. Cnty. of Suffolk*, No. CV091207JSWDW, 2010 WL 11432457, at *1 (E.D.N.Y. July 9, 2010)

("it is black letter law that the mere filing of a motion to dismiss the complaint does not

constitute 'good cause' for the issuance of a discovery stay") (citations omitted); *Republic of*

*Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) ("discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed") (citations omitted).

Second, a motion to dismiss this case, in particular, would not warrant a stay of discovery. Such a motion would serve only to further delay the adjudication of Plaintiffs' claims and would be futile. Plaintiffs (and/or their affiliates) have brought at least five similar cases against other ISPs. Those cases have resulted in billion-dollar and multi-million dollar jury verdict awards, confidential settlements, or, continue to be litigated after a motion to dismiss was denied. *See, e.g.*, *Sony Music Entm't. v. Cox Commc'ns, Inc.*, 464 F. Supp. 3d 795 (E.D. Va. 2020) (upholding $1 billion statutory damages jury award against ISP for infringement of approximately 10,000 works); *UMG Recordings, Inc. v. Grande Communications Networks LLC*, No. 1:17-cv-00365, W.D. Tex. (jury finding of willful infringement by ISP and awarding more than $46 million on Nov. 3, 2022 for infringement of approximately 1,400 works); *UMG Recordings, Inc. v. RCN Telecom Servs., LLC*, 2020 WL 5204067, *10, *12 (D.N.J. Aug. 31, 2020) (denying ISP's motion to dismiss record label plaintiffs' claims for contributory and vicarious infringement).

Third, even under Frontier's preferred approach, discovery eventually will need to be conducted in this case. As this Court has held, "a stay is not appropriate where it would only postpone, not alleviate, defendant's discovery obligations." *Morgan Art Found. Ltd. v. McKenzie*, No. 18 CIV. 4438 (AT), 2019 WL 2725625, at *2 (S.D.N.Y. July 1, 2019) (Torres, J.) (citations omitted). Frontier cites *Morgan* in support of its contention that the stay should be continued. But, in *Morgan*, this Court denied the motion to stay because discovery would only have been delayed, not eliminated. *Id*. at *2-3. The Court should now follow the reasoning of *Morgan* and lift the stay that is currently in place.

**C. Frontier's Remaining Arguments Against Lifting the Stay Are Meritless**

Frontier claims that Plaintiffs' argument that they are prejudiced by the stay is "unsubstantiated." However, Plaintiffs' argument that as more time passes, it is more likely that witnesses' memories will fade and evidence will be lost, *see* Dkt. 49 at 9, is simply common sense, as courts consistently recognize. *See*, *e.g.*, *Savalle v. Kobyluck, Inc.*, No. 3:00CV675(WWE), 2001 WL 1571381, at *4 (D. Conn. Aug. 15, 2001) (lifting stay because "[t]he farther removed the events at issue, the more likely that witness recollections will be diminished"); *Personalized User Model, L.L.P. v. Google, Inc.*, No. CA 09-525-LPS, 2012 WL 5379106, at *2 (D. Del. Oct. 31, 2012) ("A stay may tactically disadvantage [plaintiff] . . . [whose] infringement claims depend on how the allegedly infringing products function today, as described by witnesses who may suffer from faded memories as time passes.").[1]

Frontier's attempt to again distract the Court with the "first filed rule" should be ignored because it has no relevance here. As Plaintiffs argued in their opposition to Frontier's motion to stay, "[t]he 'first-to-file' rule does not apply where, as here, the forum of the first-filed case does not have jurisdiction over the claims filed in the second-filed case." Dkt. 34 at 20. Plaintiffs could not have asserted their District Court claims in the Bankruptcy Court, which Frontier does not dispute, meaning there are no "competing lawsuits," which are necessary for the first-to-file rule to apply. *Id*. And Plaintiffs had to file their claims in the Bankruptcy Court under Frontier's

---

[1] Frontier cites *In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129, 129 (S.D.N.Y. 2003), for the definition of prejudice. But that case is irrelevant because it concerned the Private Securities Litigation Reform Act (PSLRA), which imposes an automatic stay unless a court finds that "particularized discovery is necessary . . . to prevent undue prejudice to that party." The PSLRA undeniably has no relevance to this case.

bankruptcy plan.  If Plaintiffs had not filed those claims, they would have been lost.  Frontier's

contention that Plaintiffs are forum shopping thus rings hollow.  Dkt. 49 at 10.[2]

### Conclusion

For the foregoing reasons and those set forth in Plaintiffs' Moving Brief (Dkt. 48),

Plaintiffs respectfully request that the Court lift the stay, allow this case to proceed, and grant the

Motion to Withdraw the reference.

Dated: November 7, 2022                    **OPPENHEIM + ZEBRAK, LLP**


By: */s/ Matthew J. Oppenheim*

Matthew J. Oppenheim
4350 Wisconsin Avenue, NW, Fifth Floor
Washington, DC 20016
Tel: (202) 480-2999
matt@oandzlaw.com

Alexander Kaplan
Carly Kessler Rothman
461 Fifth Avenue, 19th Floor
New York, NY 10017
Tel: (212) 951-1156
alex@oandzlaw.com
carly@oandzlaw.com

---

[2] Frontier suggests that the Court should not lift the stay because the related case filed by the "movie companies" is also stayed currently.  Dkt. 49 at 3-4.  However, that case has no bearing on Plaintiffs' claims and should not impact the Court's decision regarding whether to continue the stay of this case.