

Matthew J. Oppenheim
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.3958
matt@oandzlaw.com

WASHINGTON – NEW YORK

February 27, 2023

*Via Email and ECF*

The Honorable Analisa Torres
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re:**   *UMG Recordings, Inc., et al. v. Frontier Communications Corporation,*
Case No. 1:21-cv-05050-AT
*UMG Recordings, Inc., et al. v. Frontier Communications Corporation,*
Case No. 1:21-cv-05253-AT (related case)

Dear Judge Torres:

  We write on behalf of Plaintiffs in the above-referenced related cases. Plaintiffs respectfully request a status conference with the Court to discuss the fact that this critically important copyright case effectively has been stayed since it was filed more than a year and a half ago, and that the related claims involving the same parties pending in defendant Frontier Communications Corporation's ("Frontier's") bankruptcy case pending in U.S. Bankruptcy Court for the Southern District of New York (Case No. 20-22476-MG) (the "Bankruptcy Case") are also not proceeding. Plaintiffs respectfully request this Court's assistance in helping to move these matters forward.

  Plaintiffs filed a complaint in this Court (Case No. 1:21-cv-05050-AT (the "District Court Case"), Dkt. 1) on June 8, 2021, asserting copyright infringement claims against Frontier that accrued after Frontier emerged from bankruptcy. The District Court Case is one of three interconnected copyright infringement proceedings that Plaintiffs have filed against Frontier. Prior to filing the District Court Case, Plaintiffs filed pre-petition and post-petition administrative claims in Frontier's Bankruptcy Case. All of the claims asserted by Plaintiffs involve the same legal claims and same conduct by Frontier; the only difference between them is that the infringement occurred during three different (but consecutive) time periods, commencing in May 2019 and involve different copyrighted sound recordings.

  On June 14, 2021, Plaintiffs filed a motion to withdraw the reference with respect to the claims that were filed in the Bankruptcy Case (Case No. 1:21-cv-05253-AT, Dkt. 1, the "Motion to Withdraw"), seeking to consolidate all of Plaintiffs' copyright claims against Frontier into one efficient proceeding. The Motion to Withdraw has been fully briefed since July 1, 2021. Shortly thereafter, Frontier moved to stay the District Court Case. On February 25, 2022, Your Honor granted a motion to stay the District Court Case pending a ruling on the Motion to Withdraw.

(Case No. 1:21-cv-05050-AT, Dkt. 39.)  That stay remains in place and Frontier has not yet responded to the complaint.  On October 17, 2022, Plaintiffs moved to lift the stay, on the basis that circumstances that may have justified granting a stay were no longer present.  Frontier opposed the motion and the motion is pending before the Court.

      Meanwhile, discovery has not commenced in the Bankruptcy Case, which is currently before Chief Judge Glenn.  The prior judge overseeing Frontier's Bankruptcy Case (Judge Drain, now retired) was reluctant to start discovery, anticipating that this Court would grant the Motion to Withdraw, and that it would be more efficient for discovery to occur in a consolidated manner with the District Court Case.  (Case No. 20-22476-MG, Dkt. 2039-1, at 28:22-25 ("it would seem to me in all likelihood that eventually the district court will withdraw the reference and consolidate the claims before me with the claims before her"); *id.* at 33:7-11 ("It's very hard for me to believe that given the overlapping factual issues here and the risk of different timetables and potentially different rulings there wouldn't be a consolidation of these claims with the district court litigation, but of course, that's up to Judge Torres.").)

      Plaintiffs are eager to prosecute their claims and enforce their valuable copyrights.  In September 2022, Plaintiffs proposed to Frontier that the parties begin discovery in the Bankruptcy Court under a stipulation that any discovery taken in the Bankruptcy Case could be used in both the Bankruptcy Case and the District Court Case (and not have to be redone), given that most of the evidence in support and defense of Plaintiffs' copyright claims will be the same across the cases and will come from the same parties and individuals, including non-parties.  (Dkt. 47 ¶¶ 4-8; Dkt. 47-1.)  Despite its efficiency, Frontier would not agree to Plaintiffs' proposal and the parties have thus not commenced any discovery.  (*Id.*)

      Plaintiffs recognize that the Bankruptcy Case remains a separate proceeding unless and until this Court grants the Motion to Withdraw, and that the District Court Case is stayed unless and until this Court grants Plaintiffs' motion to lift the stay.  Plaintiffs hope the Court rules in their favor on both motions such that all of the cases can proceed at once in this Court.  Plaintiffs respectfully request an opportunity to discuss these issues at an in-person status conference at the Court's earliest convenience.

      Respectfully,

      */s/ Matthew J. Oppenheim*

      Matthew J. Oppenheim

cc: All counsel of record (via ECF)