```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/7/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, ABKCO MUSIC & RECORDS, INC., SONY MUSIC ENTERTAINMENT, ARISTA MUSIC, ARISTA RECORDS LLC, SONY MUSIC ENTERTAINMENT US LATIN, ZOMBA RECORDING LLC, ATLANTIC RECORDING CORPORATION, ELEKTRA ENTERTAINMENT GROUP INC., LAVA RECORDS LLC, RHINO ENTERTAINMENT LLC, WARNER MUSIC INC., WARNER MUSIC INTERNATIONAL SERVICES LIMITED, AND WARNER RECORDS INC.,

      Plaintiffs,

-against-

FRONTIER COMMUNICATIONS CORPORATION,

      Defendant.

21 Civ. 5050 (AT)

**ORDER**

ANALISA TORRES, District Judge:

  The Court has reviewed the parties' papers on Plaintiffs' motion to lift the stay in this matter, ECF Nos. 46–51, and the parties' joint letter dated August 3, 2023, Letter, ECF No. 55. On July 27, 2023, the Court issued its decision denying a motion to withdraw the bankruptcy reference in 21 Civ. 5253, a related case involving Plaintiffs.[1]  21 Civ. 5253, ECF No. 15 at 1 n.1; *see also* 21 Civ. 5708, ECF No. 20.  In their joint letter, the parties state their positions on whether, following that decision, the stay in this matter should remain in place.  Letter; *see also* ECF No. 39.

  Plaintiffs "propose that the parties conduct consolidated discovery before the [United States] Bankruptcy Court [for the Southern District of New York (the 'Bankruptcy Court')] covering all three cases (the 'Consolidated Discovery')."  Letter at 1.  Plaintiffs state that, under their proposal, "the Bankruptcy Court would set a single discovery schedule for fact and expert discovery, and would oversee that discovery."  *Id.*  Plaintiffs suggest that "[o]ne month prior to the conclusion of expert discovery, the parties should submit to both the Bankruptcy Court and th[e] Court a joint letter setting forth a proposed schedule for briefing summary judgment motions, as well as any [*Daubert*]

---

[1] This action is related to the now-closed matters of *UMG Recordings, Inc v. Frontier Communications Corporation*, 21 Civ. 5253, and *Voltage Holdings, LLC v. Frontier Communications Corporation*, 21 Civ. 5708.  These actions arise from Defendant, Frontier Communications Corporation's ("Frontier") Chapter 11 cases.  ECF No. 1 ¶¶ 28–29; *see also In re Frontier Commc'ns Corp.*, No. 20 Br. 22476 (S.D.N.Y.).  Unless otherwise noted, ECF citations refer to the docket in this matter.

motions." *Id.* at 1–2. Plaintiffs argue that "the stay of this case must be lifted" for Consolidated Discovery to include this matter and the other two related actions pending in Bankruptcy Court. *Id.* at 2. Plaintiffs state "no proceedings would need to occur in th[e] Court until summary judgment," except that Frontier "should answer Plaintiffs' complaint and Plaintiffs would then file an amended complaint," so that "Consolidated Discovery . . . cover[s] the entirety of th[is] . . . action." *Id.*

Frontier's "position is that the stay of [this matter] should remain in place for six months." *Id.* at 3. Frontier argues that "Plaintiffs' proposal creates the potential for significant and duplicative litigation in th[is] . . . Court and the Bankruptcy Court" because the Court "may have to consider dispositive motions, *Daubert* motions, and litigation related to the pleadings on all issues and not just Front[i]er's safe harbor defense pursuant to 17 U.S.C. § 512(a)." *Id.*; *see also* 21 Civ. 5253, ECF No. 15 at 9–10 (discussing the safe harbor defense). Frontier states that "[d]iscovery will proceed in the Bankruptcy Court on th[e] common issues [in the three related actions], . . . this discovery will apply to th[is] case[,] . . . [and] discovery will in fact proceed in the stayed [d]istrict [c]ourt case." *Id.* (emphases omitted).

The parties agree that discovery should proceed in Bankruptcy Court, and that discovery in the related proceedings should occur only once. *See id.* at 1, 3.[2] The parties also agree that any discovery in the Bankruptcy Court should be used in the cases pending in Bankruptcy Court and in this litigation. *Id.* at 1, 3. The Court agrees with that approach. Should the parties wish to enter into a stipulation so that the discovery in the Bankruptcy Action applies in this action, they may submit such a stipulation for the Court to so-order.

The parties disagree, however, on how their proposed approaches affect the stay in this action. Under Plaintiffs' proposal, discovery would take place in one forum, the Bankruptcy Court, but the stay in this case would need to be lifted to proceed with concurrent litigation. Plaintiffs state that "[t]he claims in the Bankruptcy Court [c]ases and this case involve the same causes of action, defenses, facts, evidence, and witnesses, but concern different time periods and different copyrighted works." Letter at 1. Frontier states that, under its proposal, "the Court may revisit whether the stay should be lifted in light of the proceedings in the Bankruptcy Court." *Id.* at 3.

The Court concludes that, in the interest of judicial efficiency and avoiding inconsistent results in parallel actions, lifting the stay in this action is not warranted at this time. Accordingly, Plaintiffs' motion to lift the stay is DENIED.

The Clerk of Court is directed to terminate the motion at ECF No. 46.

SO ORDERED.

Dated: August 7, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[2] The parties made similar arguments in their papers concerning Plaintiffs' motion to lift the stay in this action, ECF No. 46. *See* ECF No. 48 at 2, 11; ECF No. 49 at 6 ("Frontier agrees that discovery should be consolidated and only conducted once, but . . . this is a decision to be made after the forum for this lawsuit is decided.").